No. 00-820

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 87N

MILGARD MANUFACTURING, INC.,

Plaintiff and Respondent,

v.

HELENA GLASS, INC., and MICHAEL D.

NELSON and STEPHANIE J. NELSON,

Defendants and Appellants.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

Honorable Thomas C. Honzel, Judge Presiding

COUNSEL OF RECORD:

For Appellants:

Jonathan R. Motl, Reynolds, Motl and Sherwood, Helena, Montana

For Respondent:

Scott M. Radford, Attorney at Law, Great Falls, Montana

Submitted on Briefs: April 26, 2001
Decided: May 15, 2001

Filed:

_____

Clerk

## MEMORANDUM OPINION

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Appellants Helena Glass, Inc., and Michael and Stephanie Nelson (Nelsons) appeal from the District Court order granting Milgard Manufacturing, Inc.'s motion to dismiss. Milgard has not filed an answer brief to the appeal.

¶3 Milgard filed its complaint in Lewis and Clark County alleging that all defendants resided in Lewis and Clark County. The Nelsons filed an answer and admitted that residency was properly alleged. They also filed a counterclaim against Milgard.

¶4 On September 18, 2000, Milgard filed a motion to dismiss without prejudice. Nelsons received the motion on September 18, 2000, and on September 20, 2000, Nelsons mailed their brief in opposition to the motion. Before receiving Nelsons' brief in opposition, the District Court, on September 20, 2000, issued an order granting the motion to dismiss. Nelsons filed a motion to reconsider, and the District Court declined to rule on that motion.

¶5 Under Rule 2 of the Uniform District Court Rules, Nelsons, as the nonmoving party, had ten days-until October 3, 2000-in which to file their brief in opposition to the motion to dismiss. Since the District Court's order on September 20, 2000, was entered before the expiration of that ten-day period, and before the Court had received Nelsons' brief, it was premature.

¶6 Furthermore, since Nelsons had filed a counterclaim, "the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court." Rule 41(a)(2), M.R.Civ.P. The District Court's order of dismissal did not make such a reservation.

¶7 For the above reasons, the September 20, 2000, order dismissing the complaint is reversed, and this matter is remanded for further proceedings consistent herewith.

/S/ KARLA M. GRAY

/S/ W. WILLIAM LEAPHART

/S/ TERRY N. TRIEWEILER

/S/ JAMES C. NELSON

/S/ JIM REGNIER